IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA RUIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-cv-03267 |
| | ) |
| COOK COUNTY SHERIFF'S OFFICE, | ) Judge John J. Tharp, Jr. |
| | ) |
| Defendant. | ) |

## ORDER

For the reasons set forth in the Statement below, the motion to dismiss filed by Defendant Cook County Sheriff's Office [15] is granted. This case is dismissed without prejudice. Civil case terminated.

## STATEMENT

Defendant has moved to dismiss the complaint because the plaintiff has been pursuing the same claim of sexual harassment in a case pending in the Circuit Court of Cook County, *Ruiz v. Scofield and Cook County Sheriff's Office*, No. 18 CH 5538 (Ill. Cir. Ct. filed May 22, 2018). Plaintiff has failed to respond to the motion at all, much less contest the defendant's characterization of her state court claim. Because the plaintiff's state court action has been pending for two years, and for the reasons set forth in the defendant's motion, the doctrine of claim splitting warrants dismissal of the complaint in this case. *See Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called claim splitting, and it is barred by the doctrine of res judicata."); *Trading Tech. Intern., Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 3157304, at *3 (N.D. Ill. July 26, 2011) ("Courts will dismiss a second suit pending between the same parties for claim splitting if the second suit would be barred by claim preclusion if it is assumed the first reached final judgment.") Assuming the state court suit reached final judgment here, claim preclusion would bar the present suit because both suits arise from the same set of operative facts and name the same defendant, Cook County Sheriff's Office. *See Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) (*res judicata* requires the same parties, the same core of operative facts, and a final judgment on the merits). Accordingly, dismissal based on claim splitting is appropriate.

The dismissal is without prejudice to the claim asserted in the state court case or to the further assertion of the claim in this Court should the state court case terminate without a final judgment. Nor does this order bar the assertion of any preclusion defense by the defendant in the event that the plaintiff reasserts the claim in this Court.

Date: December 23, 2020

John J. Tharp, Jr.
United States District Judge